# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD ATKINSON,<br><br>Petitioner,<br><br>v.<br><br>JAMES ROBERTSON,[1]<br><br>Respondent. | Case No. 1:22-cv-01476-ADA-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 15)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On August 7, 2013, Petitioner was convicted by a jury in the Fresno County Superior Court of aggravated mayhem. The jury also found true an allegation supporting a gang enhancement, and Petitioner admitted an enhancement allegation for two prior prison terms. On September 18, 2013, Petitioner was sentenced to an imprisonment term of life with the possibility of parole for aggravated mayhem plus ten years for the gang enhancement and two

---

[1] James Robertson is the Warden of Pelican Bay State Prison, where Petitioner is currently housed. Accordingly, James Robertson is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

1

1  one-year terms for the prior prison term enhancement. (LDs[2] 1, 2.) On November 10, 2015, the
2  California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2.) Petitioner did
3  not seek review in the California Supreme Court. (ECF No. 15 at 2.)[3] On February 18, 2021,
4  Petitioner filed a petition for resentencing in the Fresno County Superior Court, which denied the
5  petition on May 25, 2021. (LDs 3, 4.)

6  On October 27, 2022,[4] Petitioner constructively filed the instant federal petition for writ
7  of habeas corpus. (ECF No. 1.) On January 9, 2023, Respondent filed a motion to dismiss,
8  arguing that the petition was filed outside the one-year limitation period and is unexhausted.
9  (ECF No. 15.) No opposition or statement of non-opposition has been filed, and the time for
10 doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] "LD" refers to the documents lodged by Respondent on January 19, 2023. (ECF No. 16.)
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, as Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The time to seek review with the California Supreme Court expired on December 21, 2015, forty days after the Court of Appeal's decision was filed.[5] See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, December 22, 2015, and absent tolling, was set to expire on December 21, 2016. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Here, Petitioner filed a petition

---

[5] Forty days after the Court of Appeal's decision was filed was December 20, 2015, which fell on a Sunday. Accordingly, the time for seeking review was extended to the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

for resentencing in the Fresno County Superior Court on February 18, 2021, more than four years after the limitation period expired. Section 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way.

Petitioner constructively filed his federal habeas petition on October 27, 2022, more than five years after the one-year limitation period expired on December 21, 2016. Accordingly, the instant federal habeas petition was not timely filed, and dismissal is warranted on this ground.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Petitioner did not file a petition for review or any collateral actions in the California Supreme Court. (ECF No. 15 at 4.) As Petitioner has not sought relief in the California Supreme Court, this Court cannot proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1). Accordingly, dismissal also is warranted on this ground.

///

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 15) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely and for failure to exhaust state judicial remedies.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 30, 2023**

UNITED STATES MAGISTRATE JUDGE