UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD ATKINSON., <br><br> Petitioner, <br><br> v. <br><br> JAMES ROBERTSON, <br><br> Respondent. | No. 1:22-cv-01476-ADA-SAB (HC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY <br><br> (ECF Nos. 15, 17) |

Petitioner Richard Edward Atkinson ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 31, 2023,[1] the assigned Magistrate Judge issued findings and recommendations recommending dismissal of the petition as untimely and for failure to exhaust state judicial remedies. (ECF No. 17.) The findings and recommendations were served on Petitioner and contained notice that any objections were to be filed within thirty days of the date of service of the findings and recommendations. (*Id.*) To date, no objections have been filed, and the time for

---

[1] The findings and recommendations were signed on March 30, 2023, but not docketed until March 31, 2023.

1

1 doing so has passed.

2 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendations to be supported by the record and proper analysis.

5 Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

17 In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2

Accordingly:

1. The findings and recommendations issued on March 31, 2023, (ECF No. 17), are adopted in full;
2. Respondent's motion to dismiss, (ECF No. 15), is granted;
3. The petition for writ of habeas corpus is dismissed;
4. The Clerk of Court is directed to close the case; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 27, 2023

UNITED STATES DISTRICT JUDGE